UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PENN-AMERICA INS. CO.,
    Plaintiff,

    v.

ALLIED HOMES, LLC and
BRIARWOOD ACQUISITION, LLC,
    Defendants.

No. 3:11cv1023 (SRU)

## RULING ON MOTION FOR DEFAULT JUDGMENT

Plaintiff Penn-America Insurance Company ("Penn") filed this action on June 24, 2011, seeking a declaratory judgment that it owes no duty to defend or indemnify its insured, defendant Allied Homes, LLC d/b/a Briarwood Acquisition, LLC ("Allied"), in an underlying tort action pending in Connecticut state court[1] (doc. # 1). Allied was duly served with the Summons and Complaint, and the executed Return of Service was filed with this Court on July 6, 2011 (doc. # 8). Allied neither appeared nor took any action in this case. On December 8, 2011, Penn filed a Motion for Default Entry (doc. # 19) in accordance with Rule 55(a) of the Federal Rules of Civil Procedure. The Court granted the motion on January 13, 2012, and entered a default (doc. # 22). Penn has now filed a motion for default judgment, in which it seeks to have this Court issue the desired declaratory judgment (doc. # 27). As explained below, Penn's Motion for Default Judgment (doc. # 27) is GRANTED.

Because default has entered against the defendant, the Court accepts as true all of the factual allegations of the Complaint, except those relating to damages. *See Greyhound*

---

[1] The underlying lawsuit is captioned *Ramsey v. Allied Homes, LLC, et al.* (Conn. Sup. Ct. J.D. New London).

*Exhibitgroup, Inc. v. E.L. U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). Penn's Complaint alleges that the Commercial General Liability Policy No. PAC6482496 issued to Allied for the policy period June 14, 2005 to June 14, 2006 (the "Policy") does not provide coverage for Allied's defense in the underlying lawsuit because: (1) the Policy's exclusion for injuries suffered by an employee of an independent contractor or subcontractor is applicable; (2) the Policy's exclusion for injuries arising out of construction on a condominium, townhouse, row house or tract house is applicable; and (3) Allied failed to comply with the notice provisions and requirements of the Policy. *See* Compl., at ¶¶ 10-19. Taking these factual allegations as true, the Policy's exclusions prohibit coverage in this matter.

For this reason, Penn's Motion for Default Judgment (doc. # 27) is GRANTED. Penn has no duty to defend or indemnify Allied in the underlying lawsuit. The Clerk shall close this file.

It is so ordered.

Dated at Bridgeport, Connecticut, this 9th day of July 2012.

                                                    /s/ Stefan R. Underhill
                                                  Stefan R. Underhill
                                                  United States District Judge